UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1672 AG (RNBx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | LEANDRO AMADO v. ECAPITAL SERVICES, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Plaintiff Leandro Amado ("Plaintiff") alleges that eCapital and Joseph Bella ("Defendants") engaged in unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Plaintiff filed a Motion for Default Judgment. ("Motion," Dkt. No. 19.)  In the Application, Plaintiff requests statutory damages of $2,000 and emotional distress damages of $100,000, as well as attorney fees and costs. (Motion at 2:13-15.)

The Motion is GRANTED, but the Court finds the requested damages to be excessive. Plaintiff is awarded $4,000 in damages and $5,070 in attorney's fees.

**ANALYSIS**

On a motion for default judgment, the Court considers the procedural requirements of Federal Rule of Civil Procedure 55(b), the *Eitel* factors, and the requested relief.

**1.     THE PROCEDURAL REQUIREMENTS OF RULE 55(b)**

After the Clerk's entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). To get a default judgment under Rule 55, a plaintiff must first establish that: (1) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1672 AG (RNBx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | LEANDRO AMADO v. ECAPITAL SERVICES, LLC, et al. | | |

defendant is not an infant, incompetent, or a member of the armed services; (2) the defendant has been served with the claim; (3) the defendant has been served with written notice of the application for judgment and the amount sought if defendant has appeared personally or by representative; and (4) the court has undertaken any necessary and proper investigation or hearing to enter judgment. *Id.*; *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Under Local Rule 55-2, a plaintiff seeking default judgment in a matter with "unliquidated damages" must serve on the defendant notice of the amount requested.

Plaintiff establishes that defendant is not an infant, incompetent, or member of the military. (Sapir Decl., Dkt. No. 19-1, ¶ 4.) Plaintiff served the summons and complaint via substituted service after repeated failed attempts at personal service. (" Proof of Service," Dkt. No. 13 at 1.) Defendants also served Plaintiff with this Motion. (Sapir Decl., Dkt. No. 21.) Plaintiff has satisfied Rule 55(b)'s requirements for entry of default judgment.

## 2.     THE *EITEL* FACTORS

Even after a plaintiff makes the Rule 55(b) showings, the decision to enter a default judgment is discretionary. *See, e.g.*, *Draper v. Coombs*, 792 F.2d 915, 925-26 (9th Cir. 1986). In deciding whether default judgment is appropriate, a court may consider (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Court concludes that the balance of the *Eitel* factors weigh in favor of granting the Motion. The merits of Plaintiff's claims appear strong, and the Complaint is sufficient on its face. Other factors weighing heavily in Plaintiff's favor include the possible prejudice to Plaintiff and the fact that the default was likely not due to excusable neglect. But the Court has concerns about the amount of relief, specifically in actual damages, requested by the Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1672 AG (RNBx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | LEANDRO AMADO v. ECAPITAL SERVICES, LLC, et al. | | |

### 3. THE REQUESTED RELIEF

#### 3.1 Actual Damages

Under the FDCPA, Plaintiff is entitled to any actual damages resulting from Defendants' violations. 15 U.S.C. § 1692(k)(a)(1). Actual damages may include recovery for emotional distress such as embarrassment, fear, anxiety, nausea, and other symptoms arising from a defendant's violations. *Powell v. Blackrock Asset Mgmt., LLC*, 2011 WL4551450, at *3 (C.D. Cal. 2011). Assessing the appropriate amount of actual damages is left to the discretion of the court. *See Valero v. Bryant, LaFayette and Assoc., LLC*, 2011 WL1438436 at *4-5 (E.D. Cal. 2011).

Plaintiff's request for $100,000 in emotional distress damages is excessive. Plaintiff provides only one declaration, his own, as evidence justifying this award. In it, Plaintiff devotes a single paragraph to describing his symptoms. (Leandro Amado Decl., Dkt. No. 19-1, ¶ 5.) In that paragraph, Plaintiff states that he "suffered extreme emotional distress," including phone fright, humiliation, sleeplessness, lack of focus, stomachaches, and depression. (Leandro Amado Decl., ¶ 5.) District courts commonly award between $1,000 and $5,000 for emotional distress in similar FDCPA cases. *See, e.g.*, Valero, 2011 WL1438436 at *4; *Powell*, 2011 WL4551450 at *4 (awarding $2,000 in emotional distress damages, after Plaintiff asserted that he suffered from headaches, nausea, sleeplessness, irritation, and marriage difficulties resulting from Defendant's FDCPA violations).

The Court concludes that Plaintiff is entitled to $2,000 in actual damages for emotional distress.

#### 3.2 Statutory Damages

Plaintiff seeks statutory damages of $2000—$1000 under the FDCPA and $1000 under the RFDCPA. Both the FDCPA and the RFDCPA permit statutory damages up to $1000 per violation. Recovery under these statutes is cumulative—that is, Plaintiff may recover statutory damages under both statutes. *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1672 AG (RNBx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | LEANDRO AMADO v. ECAPITAL SERVICES, LLC, et al. | | |

1055, 1066 (9th Cir. 2011).

The Court agrees that Plaintiff's requested damages are appropriate in light of the allegations in the complaint. Therefore, the Court awards Plaintiff $2000 in damages.

### 3.3 Attorney's Fees and Costs

Plaintiff asks this Court to award attorney's fees of $5,070 and costs of $469. (Motion at 21.) Both the FDCPA and RFDCPA allow courts to award attorney's fees. 15 U.S.C. § 1692; Cal. Civ. Code § 1788.30(c).

Although in this District, Local Rule 55-3 sets forth a schedule governing the award of attorney fees in default judgments, Plaintiff has justified an amount in excess of that schedule. The Court finds that in this case the local fee schedule would not serve Congress's "intent that the [FDCPA] should be enforced by debtors acting as private attorney generals." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). Nor would it be prudent to reward defendants for failing to appear by reducing the fees otherwise mandated by statute. Therefore, the Court agrees to depart from the schedule.

The Court finds that Plaintiff's requested fees are reasonable. To calculate attorney fee awards, the Court uses the lodestar method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Trial courts assessing the reasonableness of attorney fee requests "should not . . . become green-eyeshade accountants," but rather they "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011). Here, the hourly rate of Plaintiff's attorneys and staff are justified given their experience, and the time they spent on this case was appropriate.

To recover his costs, Plaintiff must submit a Bill of Costs and Notice of Application to the Clerk of Tax Costs. Local Rule 54–3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1672 AG (RNBx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | LEANDRO AMADO v. ECAPITAL SERVICES, LLC, et al. | | |

**DISPOSITION**

Plaintiff's Motion for Default Judgment is GRANTED.

                                                 : 0

Initials of Preparer    lmb